## CIRCUIT COURT OF FAIRFAX COUNTY

Beamon et al.

v.

Home-Tech Systems, Inc., et al.

April 8, 1996

Case No. (Law) 147575

By Judge Thomas S. Kenny

This matter is before the court on Defendant Home-Tech's Motion for Summary Judgment. At issue is whether a Release of All Claims executed by Charles Beamon bars Plaintiffs' present action against Defendant Home-Tech Systems, Inc.

After careful consideration of counsels' arguments, I grant summary judgment to Defendant Home-Tech for the reasons set forth below.

In this case, Charles and Wanda Beamon purchased a parcel of real estate from Douglas and Sunni Green. During the course of that transaction, the Beamons had contact with agents from Home-Tech Systems and Long & Foster Real Estate, Inc. The Beamons allege that Home-Tech and Long & Foster are liable for representations made by their respective agents. In particular, Plaintiffs claim that Home-Tech and Long & Foster are jointly liable for $40,000 in damages due to structural problems with the property's foundation.

On October 11, 1994, Charles Beamon executed a Release of All Claims as to Home-Tech's liability in return for $195.00. See Memorandum of Points and Authorities in Support of Defendant Home-Tech's Motion for Summary Judgment, Exhibit B. Plaintiffs have admitted that Exhibit B is a true copy of the document signed by Charles Beamon. In the Release, Charles Beamon discharged Home-Tech and its agent from:

> [A]ll *past, present, and future* actions, causes of action, claims, demands, damages, costs, loss of services, expenses, compensation, third party actions, suits at law or in equity, including claims or suits for contribution and/or indemnity, *of whatever nature*, and all consequential damage on account of, or in any

way growing out of any and all *known and unknown* personal injuries, death, and/or *property damage* resulting, or to result, from [the] inspection that occurred on or about May 7, 1994

. . . .

(Emphasis added).

At the hearing held February 23, 1996, Plaintiffs asserted that neither party was aware of the structural defects at the time of the execution of the Release. Therefore, the Release should be rescinded due to the mutual mistake of the parties.

Mutual mistake is a sufficient basis on which to rescind a release. See *Seaboard Ice Co. v. Lee*, 199 Va. 243, 251-52 (1957). A unilateral mistake, however, is not. See *Nationwide Mutual Insurance Co. v. Munch*, 217 Va. 916, 920 (1977). In determining whether a mistake existed at the time of contracting, the intent of both parties is at issue. *Id.* Thus, "mutual mistake must be based on mutual intent." *Id.*

Here, as in *Nationwide*, the releasee knew and intended that the document being executed would release it from *all* further liability. First, the release executed by Charles Beamon contained broad language. Second, Home-Tech paid the Beamons $195.00 in return for the release, the amount it believed it was contractually liable for pursuant to the Pre-Inspection Agreement the parties signed on May 7, 1994. *See* Memorandum of Points and Authorities in Support of Defendant Home-Tech's Motion for Summary Judgment, Exhibit A. At most, a unilateral mistake existed on the part of the Plaintiffs, which is not sufficient to rescind the Release.

Thus, the Release executed by Charles Beamon is valid and enforceable as a matter of law to protect Home-Tech from liability for all further property damage arising from the inspection. As a result, Defendant Home-Tech is entitled to summary judgment.